UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUGO GARCIDUENAS-ESCAMILLA,<br><br>Defendant. | Case No.: 3:19-CR-4899-GPC<br><br>**ORDER DENYING MOTION TO REVOKE ORDER AND SET CONDITIONS OF RELEASE**<br><br>[ECF No. 34.] |
|---|---|

On April 30, 2020, Defendant filed a motion to revoke detention order and set conditions of release that were issued by Magistrate Judge Allison Goddard. ECF Nos. 10, 34. The Government filed a response on May 5, 2020. ECF No. 35. Defendant now moves pursuant to 18 U.S.C. § 3143(a)(1) to set conditions of release for him pending sentencing, including a $10,000 personal appearance bond secured by the signature of one financially responsible adult. Having reviewed the moving papers, response and the record in this case, the Court elects to proceed without hearing and DENIES the motion to revoke detention order and set conditions of release.

**I.      Procedural Background**

Defendant Hugo Garciduenas-Escamilla was arrested on November 6, 2019 and charged with attempted illegal reentry, in violation of 8 U.S.C. § 1326. ECF No. 1. At his Initial Appearance before Magistrate Judge Allison Goddard on November 7, 2019, the

Government orally moved to detain him based on risk of flight. ECF No. 3. On November 12, 2019, Magistrate Judge Goddard held a detention hearing, and after considering the various 8 U.S.C. § 3142(g) factors, ordered Defendant detained based on the risk of flight. ECF Nos. 9, 10.  The Magistrate Judge found by a preponderance of the evidence that no condition or combination of conditions would reasonably assure Defendant's appearance as required based on the following factors: the weight of the evidence against the defendant is strong (although the least important factor); prior criminal history; history of violence or use of weapons; lack of stable employment; and lack of legal status in the United States. ECF No. 10.

On February 21, 2020, the Court accepted Defendant's guilty plea. ECF No. 24. Defendant then filed a sealed motion to reopen detention order and set conditions of release and the government responded.  On April 20, 2020, in a sealed order, Magistrate Judge Goddard denied the motion to reopen detention noting that Defendant had not presented any additional information to show that the court's prior order of detention was in error or that circumstances have changed demonstrating clear and convincing evidence that he is not likely to flee.

Due to the COVID-19 situation, Defendant's sentencing was rescheduled from May 1, 2020 to July 2, 2020, at 8:30 a.m.  ECF No. 33.  In light of the continuance of his sentencing, Defendant now seeks review of the Magistrate Judge's detention order, and requests that the Court revoke the detention order and set conditions of release consisting of a $10,000 personal appearance bond secured by the signature of one financially responsible adult.

**II.   Applicable Standards**

18 U.S.C. § 3145(b) provides "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." A district judge reviews a magistrate judge's detention order de novo. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court may decide the motion

on the papers and documents before the Court without a hearing. *United States v. Martinez-Tomas*, No. 20-50095 (9th Cir. April 30, 2020); *United States v. Dodd*, No. 20-cr-0016, 2020 WL 1547419, at *1 (D. Minn. Apr. 1, 2020); *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020) (no requirement to hold a hearing on request for reconsideration of order of detention). The Court finds that this matter is suitable for determination without a hearing.

### III.   Summary of Positions

Defendant argues that conditions of release should be set for the foregoing reasons. Defendant is a 32-year old Mexican citizen who has strong ties to the United States.  Until his arrest in this case, Defendant had a relationship with Erica Cortez, a U.S. citizen, and they have a three-year old child.  Erica is supportive and willing to be a surety.  Defendant's sister lives in Chicago, is a Lawful Permanent Resident and able to contribute $1000.00 towards a bond. Mr. Garciduenas-Escamilla' aunt resides in Bakersfield with her husband and while she cannot contribute financially, she owns an unused trailer located in California City, about an hour from her home where Defendant can self-quarantine. Defendant's aunt and her husband have agreed to take care of Defendant and bring him food.

Defendant contracted COVID-19 in early April 2020 while detained at the Otay Mesa Detention Center, was housed and isolated in the medical wing[1], and is in the process of recovering form COVID-19, but that does not mean he is safe from re-infection.  He argues that he should be released based on the COVID-19 pandemic and the risks associated of a re-infection while being incarcerated.

The Government argues that the Defendant has failed to show changed circumstances that he is not a flight risk based on the § 3142(g) factors.  The Government also contends that the COVID-19 pandemic does not alter the statutory analysis and in fact

---

[1] It is not clear whether he is still housed in isolation.

supports continued detention. During this time, when community resources are devoted to fighting COVID-19, it may be easier for a motivated defendant to hide or flee law enforcement. Because Defendant has pled guilty and will be facing time in custody, he has an incentive to flee. Finally, releasing Defendant from custody and into the community may endanger the public since he is recovering from COVID-19.

**IV.    § 3142(g) Analysis**

First, the Court recognizes that the COVID-19 pandemic presents significant public health concerns. The Court finds that it is appropriate to take into account the risks of harm created by COVID-19, the challenges that exist in containing it in detention facilities and the mental effect that it has on individuals that are housed in these facilities. The COVID-19 pandemic does not, however, require that all pretrial detainees be released on bail or on their own recognizance. Ultimately, the Court is required to conduct an individualized analysis under the Bail Reform Act. *See United States v. Villegas,* No. 2:19-cr-568-AB, -- F. Supp. 3d --, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020) ("No matter the heightened risks intrinsic to prison populations as a matter of public health, the Court has no authority as a matter of law to permit pretrial release under the Bail Reform Act just because of the current pandemic's generic risks.").

Under 18 U.S.C. § 3142(g), the Court's individualized analysis considers the following factors in determining whether to grant release:

1. <u>Nature and seriousness of the offense</u>.

Mr. Garciduenas-Escamilla is charged with attempted reentry of a removed alien in violation of 8 U.S.C. § 1326(a) & (b). This is his second attempted reentry felony.

2. <u>Weight of the evidence against the defendant</u>.

On February 4, 2020, Mr. Garciduenas-Escamilla plead guilty and this factor does not favor release.

3. <u>Mr. Garciduenas-Escamilla's History and Characteristics</u>

a. <u>Family and community ties</u>.

Mr. Garciduenas-Escamilla has some family ties to the United States which include

the mother of his three-year old daughter, his three-year old daughter, his sister in Chicago and his aunt and uncle who live in California City. This weighs in favor of release on the conditions proposed.

### b. Physical and mental condition

Mr. Garciduenas-Escamilla reportedly has contracted and has or is recovering from COVID-19. It is not reported whether he is still in isolation. The Court finds that this weighs against Defendant's proposed conditions of bail.

### c. Financial resources.

Mr. Garciduenas-Escamilla does not have any significant financial resources but his family in the United States has some financial resources to support him while he is out on release

### d. Length of residence.

Mr. Garciduenas-Escamilla came to the United States when he was fifteen and worked in the fields. Since he turned 22, he has spent a number of years in custody.

### e. Drug abuse.

Mr. Garciduenas-Escamilla does not have any reported drug abuse issues.

### f. Criminal history.

Mr. Garciduenas-Escamilla has two felonies and two misdemeanors. In December 2006, Defendant pleaded guilty to a misdemeanor DUI, and was sentenced to five years of probation. On July 25, 2008, Defendant pleaded guilty to driving with a suspended license, and was sentenced to three years of probation. On October 10, 2009, Defendant pleaded guilty to second degree attempted robbery, with an enhancement for use of a firearm and was sentenced to 5 years in prison. On June 11, 2014, Defendant pleaded guilty to a violation of 8 U.S.C. § 1326 in this Court. He was sentenced to 24 months in custody and 1 year of supervised release. He was arrested again in November 2019. This factor weighs against Defendant.

///

### g. Record of prior appearances.

Mr. Garciduenas-Escamilla has no history of failures to appear. This factor weighs in favor of Defendant.

### h. Danger to any person or the community.

Defendant poses a danger to the community. Not only does he have a criminal history of violence, but he poses a danger to the community. Mr. Garciduenas-Escamilla reports he is still recovering from COVID-19. Releasing Defendant while he is recovering COVID-19, he could be contagious and pose a significant risk to a number of people processing his release and those taking care of him. This factor does not weigh in favor of the Defendant.

## V.   8 U.S.C. § 3143(a)(1) Analysis

Once a defendant has plead guilty, "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community. . . ." 8 U.S.C. § 3143(a)(1).

## VI.   Decision

The above review of factors reveals that Magistrate Judge Goddard correctly granted the motion to detain Defendant without bail. Defendant has not shown by clear and convincing evidence that the Defendant is not likely to flee or pose a danger to the safety of any other person or the community. The Court finds that given his criminal history, including one involving violence, his repeated offense of illegal reentry, his guilty plea, and the fact that he will sentenced to custody will not assure the attendance of the Defendant at his sentencing which is only over a month away. Moreover, because the Defendant is still recovering from COVID-19, he could pose a danger to the community if he were released. The Court DENIES the motion to revoke detention order and set

///

///

///

conditions of release.

**IT IS SO ORDERED.**

Dated: May 7, 2020

Hon. Gonzalo P. Curiel
United States District Judge